DURAM BUILDING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45579. Promulgated June 19, 1931.

*Albert Hubschman, Esq., Harry Cohen, Esq.,* and *I. M. Greller, C. P. A.,* for the petitioner.

*J. Arthur Adams, Esq.,* and *Frank A. Surine, Esq.,* for the respondent.

OPINION.

SMITH: The only question for our determination in this proceeding is whether the sales of the parcels of real estate in question in 1926 were installment sales within the meaning of section 212 of the Revenue Act of 1926, the profits from which may be reported upon the installment basis, or whether, as the respondent contends, the entire profits from the sales are taxable to the petitioner in 1926. Section 212 (d) of the 1926 Act reads as follows:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any tax-

able year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case (1) of a casual sale or other casual disposition of personal property for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. As used in this subdivision the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

The respondent contends that the sales were not installment sales for the reason that the petitioner received initial payments in each instance of more than 25 per cent of the total purchase price; that in addition to the cash received directly from the vendee, which was not in excess of 25 per cent of the purchase price, the petitioner received in 1926 cash or property other than evidences of indebtedness of the purchaser "when it transferred the mortgages received from the sales under consideration to its debtor in the payment of its debts."

We held in *Packard Cleveland Motor Co.*, 14 B. T. A. 118, and *Lucius H. Elmer*, 22 B. T. A. 224, that taxpayers who sold automobiles originally on the installment plan but during the year of the sales assigned the installment contracts to finance companies for value received were not entitled to report the profits from the sales on the installment basis. We think that the same principle must apply in this case. During the taxable year 1926, the year of the sales here, the petitioner definitely disposed of the installment obligations in question and wound up its business affairs. Thereafter, it was to receive no further payments on the installment obligations. It had passed on its rights in the installment contracts to its stockholder in the form of a liquidating dividend and in payment of an indebtedness.

The facts to which the parties have agreed are that the petitioner "paid a liquidating dividend to its stockholder of $150,833.40" and "paid" a debt of $41,758.71 with the mortgages and installment obligations and other assets of a face value of $15,842.11. There is no evidence before us as to the actual value of any of the assets so distributed in the schedule and we must therefore assume that they were worth their face value at the time they were distributed by the petitioner. If the petitioner had sold the installment obligations in question to a third party for cash and with a part of the proceeds had paid the debt owing to the stockholder, it clearly would not be entitled to report on the installment basis under the provisions of the 1926 Act.

For the purpose of ascertaining the amount of the initial payments here, we think that the payment by the petitioner of a part of the installment obligations in satisfaction of an outstanding indebtedness is the equivalent of receipt by the petitioner of that amount. It will be seen that with the additions of the proportionate part of the installment obligations applicable to the payment of the debt of $41,758.71 the initial payments on the sales in question exceed one-fourth of the purchase price.

The installment sales provisions of the 1928 Act, section 44 (d), recognize the sale or other disposition of installment obligations as separate taxable transactions, but these provisions of the 1928 Act do not apply retroactively to the sales here which were made in 1926. Upon the facts shown in this case, however, the result would be the same if the disposition of the installment obligations were treated as a separate taxable transaction, since there is no evidence before us as to the value of the installment obligations at the time they were distributed to the stockholder.

Upon the facts before us we find no error in the respondent's determination of the petitioner's tax liability for 1926.

*Judgment will be entered under Rule 50.*